UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MONIQUE YACHIMIAK,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil Action No. 17-7479 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Monique Yachimiak's ("Plaintiff") application for in forma pauperis ("IFP") status, as she seeks to file her Complaint without prepayment of fees.

The decision whether to grant an IFP application is committed to the sound discretion of the district court. *Shahin v. Sec. of Del.*, 532 F. App'x 123, 123 (3d Cir. 2013) (citing *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971)). "A party need not be destitute to warrant such status, but the status is a privilege rather than a right." *Id.* In determining whether a litigant is eligible for IFP status, the Court may consider her income, expenses, and assets, including the value of her property, such as cars and houses. *Id.* at 123-24. In *Shahin*, the Third Circuit upheld an IFP denial by the district court, even when the plaintiff showed that she only had a monthly income of $95 from self-employment. *Id.* Because the plaintiff's husband provided her with food, clothing, and shelter, and paid the plaintiff's medical and travel expenses and business losses, the Third Circuit reasoned that "requiring [plaintiff] to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the 'necessities of life.'" *Id.* at 124.

Here, Plaintiff's monthly income of $430, which consists of $150 per month for cleaning her neighbor's house plus a $280 per month allowance, is at least four times more than the $95 per month

threshold established in *Shahin*. (Pl.'s IFP App. 1, ECF No. 1-2.) In addition, Plaintiff's IFP application reflects that her spouse has an income of $6,000 per month and that Plaintiff "is dependent on [her] spouse for support." (*Id.* at 2.) Plaintiff's IFP application also states that Plaintiff and her spouse have $400 in a joint checking account. (*Id.*) After careful consideration, the Court finds that, similar to the plaintiff in *Shahin*, requiring Plaintiff to pay the filing fee "would not deprive her of the 'necessities of life.'" 532 F. App'x at 124. Accordingly,

IT IS on this 26th day of March 2018, ORDERED that:

1. Plaintiff's application to proceed IFP is denied.

2. The Clerk is to close the file. Plaintiff may submit payment in the amount of $400 within 30 days from the date of this order to reopen the case without further action from the Court.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**